UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHERMAN EMERSON, | ) | |
|         Movant, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0061-DFH-TAB |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Order to Show Cause**

    The court, having considered the above action and the matters which are pending, makes the following rulings:

    1.    The clerk shall forward a copy of this Entry to the United States Attorney for this District. The United States is **notified** of the filing of the movant's motion for relief and memorandum in support pursuant to 28 U.S.C. § 2255. The motion has been scanned into the court's electronic docket.

    2.    The United States shall have **through March 24, 2009,** in which to answer the allegations of the movant's motion for relief pursuant to 28 U.S.C. § 2255, and the movant shall have **through April 22, 2009,** in which to reply.

    3.    The movant's request to proceed *in forma pauperis* (dkt 2) is **denied** as unnecessary.

    4.    The movant's motion to appoint counsel (dkt 4) is **denied.** The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Coleman v. Thompson*, 111 S. Ct. 2546, 2568 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), and 28 U.S.C. § 1915(e)(1) authorizes the court to recruit counsel in civil actions brought *in forma pauperis*. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). With respect to section 3006A, unless an evidentiary hearing must be held, the decision to appoint counsel is discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The court must appoint counsel to prevent the denial of due process, *Brown*

*v. U.S.*, 623 F.2d 54, 61 (9th Cir. 1980), and where the petitioner is a person of such limited education as to be incapable of presenting his claims in such a way that the court can afford him a fair hearing. *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). In the present case, no hearing has been scheduled and the petitioner has clearly and adequately presented his issues to the court in his motion to vacate sentence.

So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/19/2009

Distribution:

Office of the United States Attorney
10 West Market Street Suite 2100
Indianapolis, IN   46204-3048

Sherman Emerson
Reg. No. 07717-028
FCI Petersburg
P.O. Box 90043
Petersburg, Virginia 23804