**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SHERMAN EMERSON, | ) | |
| | ) | |
| Movant, | ) | 1:09-cv-0061-SEB-TAB |
| | ) | IP04-CR-0201-B/F-06 |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). Because movant Sherman Emerson has failed to make such a showing here, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

1.      Emerson was charged in No. IP04-CR-0201-B/F-06 with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and was convicted of that offense after a jury trial in April 2005. He was sentenced on July 27, 2005, to a term of imprisonment of 327 months, to be followed by five years of supervised release. His conviction was affirmed on appeal in *United States v. Emerson*, 501 F.3d 804 (7th Cir. 2007).

2.      As noted above, Emerson now challenges his conviction pursuant to § 2255. His claims supporting this challenge are the following:

  a.      He was denied the effective assistance of counsel when his trial attorney failed to move to sever the case from his co-defendants and when his appellate counsel failed to assert the severance issue on direct appeal;

      b.      He was denied the effective assistance of counsel when trial counsel failed to assert a *Crawford* objection to the admission of audio-taped conversations at Emerson's trial and when appellate counsel failed to raise the issue on appeal. *See Crawford v. Washington*, 541 U.S. 36 (2004).

      c.      A claim added in his supplemental pleading, that trial counsel was ineffective for failing to request that the government identify the specific purpose for which it offered the evidence of other crimes (a charge of murder) under Rule 404(b) of the *Federal Rules of Evidence.*

      3.      The common theme to the above claims is the question of assistance of counsel. The Supreme Court set forth the legal principles that govern claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984). *See also Wiggins v. Smith,* 539 U.S. 510 (2003). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Id.* at 521 (citing *Strickland,* 466 U.S. at 687). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland,* 466 U.S. at 687).

      a.      With respect to the first component, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins,* 539 U.S. at 521 (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689); *see also Kokoraleis v. Gilmore,* 131 F. 3d 692, 696 (7th Cir. 1997).

      b.      With respect to the prejudice requirement, Emerson must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. *See also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003).

      4.      Applying the above standard, Emerson's claims fail.

      a.      Emerson states that by asserting an entrapment defense, his co-defendant Ingram opened the door to permit cross-examination testimony from Detective Martinez about an earlier Indiana state murder case, for which "two individuals who are in this courtroom were charged." Emerson argues that there is no reason to believe that Ingram or Martinez would have testified at his trial if counsel had sought to sever the case, and counsel failed to even request a curative instruction.

Emerson alleges that the result would have been different if he had been tried separately from Ingram.

i. Rule 8(b) of the *Federal Rules of Criminal Procedure* allows joinder of multiple defendants if they are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The presumption in favor of joint trials is especially strong when the defendants are charged with conspiracy." *Granada v. United States*, 51 F.3d 82, 84 (7th Cir. 1995) (internal quotation omitted).

ii. To succeed with this claim, Emerson must show that the joinder created actual prejudice that deprived him of a fair trial. *United States v. Rollins,* 301 F.3d 511, 518 (7th Cir. 2002) ("it is insufficient that separate trials would have given a defendant a better opportunity for an acquittal"). A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. *Wright v. United States,* 139 F.3d 551, 553 (7th Cir. 1998) (citing *Strickland,* 466 U.S. at 685).

iii. On direct appeal, the Seventh Circuit Court of Appeals determined that the evidence of the murder in connection with the other drug "lick" was not admissible as to Emerson because he did not raise the entrapment defense. *Emerson*, 501 F.3d at 813. Contrary to Emerson's assertion about the lack of a curative instruction, the Seventh Circuit held that the district court's error in denying Emerson's motion for mistrial was harmless error because "in its final instructions to the jury, the district court cautioned the jury that it was not to consider evidence of the charges brought and dismissed against Ingram (in connection with the murder) against Emerson at all." *Id.* As stated by the Seventh Circuit, "[t]his instruction cured any prejudice caused by the reference to the 'two individuals' in the courtroom involved in the previous drug lick. . . ." *Id.* The curative instruction also eliminated any prejudice that might have arguably arisen from counsel's failure to move for a separate trial at that time.

iv. The Seventh Circuit further stated that "the evidence against Ingram and Emerson was overwhelming." *Emerson*, 501 F.3d at 815. "[T]he record contained ample evidence from which a rational fact-finder could convict Emerson of conspiracy beyond a reasonable doubt." *Id.* at 813 (listing the evidence of Emerson being seen and heard on videotape participating in the planning of the robbery and a recording of a telephone conversation in which Ingram told Emerson that he could not participate in the robbery itself but could receive some of the cocaine). Emerson has failed to show that severance was required for him to have a fair trial. Apart from unsupported assertions, Emerson presents nothing to demonstrate that his counsel's failure to file a motion to sever was outside "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Counsel was not ineffective for failing to move to sever the case from his co-defendant.

b. As to ineffectiveness of counsel in an appellate forum, under the *Strickland* performance prong, an appellate counsel's performance is deficient if counsel fails to appeal an issue that is significant and obvious and clearly stronger than the claims raised. *See Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008) (there must be reasonable probability that issue not raised would have altered outcome of appeal). In light of the Seventh Circuit's ruling on the mistrial claim, it is clear that the severance claim is not stronger than any other issues raised on direct appeal. Appellate counsel was not ineffective for failing to assert the severance issue on appeal.

c. Emerson alleges that trial counsel and appellate counsel were ineffective for not objecting at trial and for not raising a claim on appeal that it was error for the trial court to admit the tape-recorded December 2, 2004, conversation among Emerson, confidential informant Douglas, and co-defendant Ingram. Emerson argues that because Douglas never testified, Emerson did not have the opportunity to cross-examine him and that this violated the ruling in *Crawford v. Washington*, 541 U.S. 36, 53-54, 68 (2004) (Sixth Amendment's Confrontation Clause bars the admission of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the witness). Emerson argues that the tape-recording contained extremely inflammatory and prejudicial statements by Emerson that he would "blaze all the Mexicans" or "blow Dre or whoever head off."

    i. The statements on the tape made by Emerson himself and by his co-defendant Ingram are simply not hearsay. *See United States v. Tolliver*, 454 F.3d 660, 665 (7th Cir. 2006); Rule 801(d)(2) of the *Federal Rules of Evidence* (defendant's own statement exception to hearsay). Moreover, in *Davis v. Washington*, 547 U.S. 813, 821 (2006), the Supreme Court held that nontestimonial hearsay is not subject to protection under the Confrontation Clause. As in *Tolliver*, the statements made on the tapes were not recounting past events but rather were "candid, real-time comments about drug transactions in progress," and therefore they were not testimonial. *Tolliver*, 454 F.3d at 665; *see Davis*, 547 U.S. at 825 (statements made unwittingly to a government informant are "clearly nontestimonial") (citations omitted).

    ii. There was no *Crawford* violation under these circumstances, and trial counsel was not ineffective for not making an objection on this basis nor was appellate counsel ineffective for failing to raise this issue on appeal.

d. In his final claim, Emerson asserts that trial counsel was ineffective for failing to request that the government identify the specific purpose for which it offered the evidence of other crimes (a charge of murder) under Rule 404(b) of the *Federal Rules of Evidence.* This issue was addressed on direct appeal. The Seventh Circuit ruled that the denial of Emerson's motion for mistrial, on the grounds that the admission of the evidence of the murder was error as to Emerson, was harmless error because the government's case would not have been significantly less persuasive had the evidence been excluded. As noted, the Seventh Circuit concluded that there was "ample evidence" on which a rational jury could convict Emerson of conspiracy even if the admission of the testimony concerning the

alleged murder had not been admitted. *Emerson*, 501 F.3d at 813. At trial, Emerson's counsel argued that the evidence should not have come in before a hearing was held outside the presence of the jury, and the request for a mistrial was denied. The same rationale as that applied on appeal to the denial of the motion for mistrial defeats Emerson's claim under Rule 404(b). Trial counsel was not ineffective in this regard.

5. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States,* 417 U.S. 333 (1974); *Hill v. United States,* 368 U.S. 424, 428 (1962). Emerson has failed to show either deficient performance or prejudice in his attorneys' representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue there–*effective* (not mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have)"). His attorneys were constitutionally sufficient throughout all proceedings. For the reasons explained above, therefore, Emerson is not entitled to relief pursuant to 28 U.S.C. § 2255. His motion is **denied,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/27/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana